UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

MARIO YOUNG # 252247            )
                                )
v.                              )     NO. 2:04-CV-394
                                )
ROGER D. BAILEY, BILL POPE,     )
T. BURRESS and R. POWERS        )

**MEMORANDUM and ORDER**

Mario Young, a state prisoner in the Northeast Correctional Complex (NECC), filed this pro se civil rights complaint for injunctive relief and damages under 42 U.S.C. § 1983 in the Northern Division of this district. The action was transferred subsequently to this Court.

The plaintiff's motion to determine the status of his case is GRANTED. [Doc. 7].

In his complaint, the plaintiff alleges two main claims. In the first one, which is deemed to be an Eighth Amendment claim for excessive force, the plaintiff alleges that, on June 3, 2004, as he was being returned to his cell in the administrative segregation unit following a disciplinary board hearing, he was physically assaulted by his escorting officers. He contends that he was grabbed by his throat, that his arms were twisted, and that he was punched in the ribs, stomach, and lower body. He further alleges that he was forced up the unit stairs into his cell and pushed on his bunk, until the pain became so unbearable that he yelled for the officers to stop. The beating stopped and the officers left, but the restraints remained on the plaintiff.

The second claim involves the plaintiff's assertions that a retaliatory motive lay behind the assault. More specifically, the plaintiff alleges that two of the defendants (Roger D. Bailey and Bill Pope) returned to remove his restraints and that defendant Bailey threatened him, telling him never to file a grievance against him again. The plaintiff claims that the assault constituted an act of retaliation against him for filing a grievance against defendant Bailey the preceding month.

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must first allege and show that he has exhausted all available administrative remedies. 42 U.S.C. § 1997e; Brown v. Toombs, 139 F.3d 1102 (6th Cir.), cert. denied, 525 U.S. 833 (1998). Even where money damages are unavailable through a correctional facility's grievance process, a prisoner must still exhaust his state remedies. Booth v. Churner, 531 U.S. 956 (2001). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. Porter v. Nussle, 534 U.S. 516, 532 (2002). A district court must enforce the exhaustion requirement sua sponte. Brown, 139 F.3d at 1104.

In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir.), cert. denied, 531 U.S. 1040 (2000). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint. See Northington v. DeForest, 215 F.3d. 1327 (Table, text at 2000 WL 659260 *1 (6th Cir. May 11, 2000) (citing Brown,

139 F.3d at 1104)).

In this case, the plaintiff avers that he offered the facts relating to his complaint for resolution via the prison grievance process. He has submitted copies of grievances which show that he presented the facts regarding the assault to the prison authorities (though it is unclear whether he identified all four officers in his grievance who are now named as defendants)[1] and that he also requested an appeal. However, there is nothing to show that he exhausted his administrative remedies with respect to the retaliation claim, though such First Amendment claims must be exhausted. Burton, 321 F.3d at 577. Indeed, every claim must be exhausted through the grievance system; the PLRA requires a complete dismissal of a prisoner's complaint when it contains both exhausted and unexhausted claims. Bey v. Johnson, 2005 U.S. App. LEXIS 7166, *4 (6th Cir. Apr. 27, 2005).

Thus, the plaintiff has failed to bear his burden of showing exhaustion as to each and every constitutional claim raised in his complaint.

A separate order will enter dismissing this action without prejudice for failure to exhaust administrative remedies.

ENTER:

    s/Thomas Gray Hull
THOMAS GRAY HULL
SENIOR U. S. DISTRICT JUDGE

---

[1] A prisoner must administratively exhaust his claim as to each defendant associated with the claim. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003).

3